# Hodnett *v.* The Central Railroad and Banking Company of Georgia.

### *Motion to Strike Cause from the Docket in this Court.*

1.  *Motion to strike cause from docket; when granted.*—Where the record sent up from the circuit court, on appeal to this court, including the appeal bond and notice of appeal, shows that the cause in which the appeal was taken, was entitled, in the circuit court, "W. F. Hodnett v. The Purchasers of the Western Railroad of Alabama," and under that title was tried, and judgment was rendered for defendants, and that from that judgment the appeal was taken by the plaintiff; and, on that record, a cause is docketed, argued and submitted in this court under the title of "W. F. Hodnett v. The Central Railroad and Banking Company of Georgia, and The Georgia Railroad and Banking Company;" *held,* The cause docketed, argued and submitted in this court, is not the cause in which the appeal was taken, and, on motion of the appellees, is stricken from the docket.

APPEAL from Macon Circuit Court.
Tried before the Hon. JAMES E. COBB.

[Hodnett v. The Central R. R. and Banking Co. of Georgia.]

W. C. McIver and J. B. Paine, for appellant.

Geo. P. Harrison, Jr., *contra.*

SOMERVILLE, J.—Upon the call of this cause a motion was made by appellees' counsel to strike it from the docket, and this motion was submitted in connection with the merits of the case. It was based on the ground that the entire record, including the return of the clerk of the Circuit Court of Macon county to the *certiorari* granted by this court, shows that there was no such cause pending on trial in the lower court. It is so entitled *upon* the transcript filed in this court, and appears under this designation on the court docket, and in the submission as here made by counsel.

The record shows that the case was originally commenced before a justice of the peace by the appellant, Hodnett, and that the summons was against "The Purchasers of the Western Railroad, using the name of the Western Railroad Company of Alabama." There is no averment that these alleged "purchasers" were a body corporate or copartnership, or a stock-company, nor does it appear *who* they were, or that they were served with process.

The complaint seems, however, to have been amended, by permission of the justice's court, so as to make the appellees defendants, under the name of "The Georgia Railroad and Banking Company, and the Central Railroad and Banking Company of Georgia." The justice thereupon proceeded to hear the case, and, after holding it up for consideration for some days, rendered judgment for a small sum, not against the appellees, but against "The Purchasers of the Western Railroad of Alabama," the original defendants. An appeal was taken from this judgment to the Circuit Court, and the cause was then tried, *de novo*, under the title of "*W. F. Hodnett v. The Purchasers of the Western Railroad of Alabama,*" and judgment was rendered for the defendants.

We are of opinion that, under this state of facts, the motion to strike the cause from the docket of this court, as it thus stands, must be sustained. The transcript filed presents no such case. The judgment rendered in the Circuit Court is not in favor of the Georgia companies, the appellees in this cause, as shown by the docket, but in favor of "The Purchasers of the Western Railroad of Alabama." The certificate of appeal and appeal bond also show an appeal from this judgment. The cause appealed from is not the one which was docketed, argued and submitted in this court for our consideration.

The motion made by appellees is granted with costs.